UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE K. JOHNSON,

    Plaintiff,

v.    No. 1:12-cv-00877-MV-RHS

LAW OFFICES OF FARRELL & SELDIN;
CITICORP CREDIT SERVICES, INC. (USA);
and CITIBANK, N.A.,

    Defendants.

## **CITIBANK, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES**

    Defendant Citibank, N.A.[1] (hereinafter "Defendant" or "Citibank") submits this Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (hereafter, the "Complaint").

## **ANSWER**

    1.    In answer to this paragraph of the Complaint, Citibank admits that it placed a delinquent credit card in plaintiff's name (the "Account") with Farrell & Seldin (hereafter "F&S") to collect upon including the filing of a lawsuit. In further response, Citibank admits that the Account was thereafter placed with United Collection Bureau, Inc. ("UCB") for collection. As to the balance of the allegations in the paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

    2.    In answer to this paragraph of the Complaint, Citibank objects to the allegations that constitute legal conclusions and, as to the balance of the paragraph, Citibank neither admits

---

[1] Defendant Citicorp Credit Services, Inc. (USA) was dismissed with prejudice. *See* Doc. 13.

nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

      3.      In answer to this paragraph of the Complaint, Citibank admits that F & S is a law firm to whom Citibank places accounts for collection and that F & S regularly files lawsuits in Colorado and New Mexico. Citibank objects to the allegations that constitute legal conclusions and, as to the balance of the paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

      4.      In answer to this paragraph of the Complaint, Citibank admits that Citicorp Credit Services, Inc. (USA) is Citibank's subsidiary that services or has serviced Citibank credit card accounts and that CCSI has been dismissed with prejudice from this action. Citibank objects to the allegations that constitute legal conclusions and, as to the balance of the paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

      5.      In answer to this paragraph of the Complaint, Citibank admits that it is a national bank located in Sioux Falls, South Dakota that, among other things, issues credit card accounts to persons who reside in New Mexico and that Citibank (South Dakota), N.A. merged into Citibank, N.A. effective July 1, 2011. Citibank admits also that it files collection actions in New Mexico Courts. All remaining allegations are denied.

### Jurisdiction and Venue

      6.      In answer to this paragraph of the Complaint, Citibank does not contest venue or the Court's jurisdiction, given that it consented to the removal of this matter to federal court. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies

2

because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

7. In answer to this paragraph of the Complaint, Citibank does not contest venue or the Court's jurisdiction. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

8. In answer to this paragraph of the Complaint, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

9. In answer to this paragraph of the Complaint, Citibank admits that the Account was placed with F & S for collection, which included written communications to the Plaintiff. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

10. In answer to this paragraph of the Complaint, Citibank admits that the Account was placed with F & S for collection, which included written communications to the Plaintiff. In further response, Citibank states that the referenced communication speaks for itself. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

11. In answer to this paragraph of the Complaint, Citibank admits that the Account was placed with F & S for collection, which included written communications to the Plaintiff. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor

denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

12.  In answer to this paragraph of the Complaint, Citibank admits that the Account was placed with F & S for collection, which included written communications to the Plaintiff. In further response, Citibank states that the referenced communication speaks for itself. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

13.  In answer to this paragraph of the Complaint, Citibank admits that the Account was placed with F & S for collection, which included written communications to the Plaintiff. In further response, Citibank states that the referenced communication speaks for itself. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

14.  In answer to this paragraph of the Complaint, Citibank admits that a lawsuit was filed against Plaintiff to collect the Account.

15.  In answer to this paragraph of the Complaint, Citibank admits that a lawsuit was filed against Plaintiff to collect the Account and that any attachments to the complaint filed in the lawsuit speak for themselves.

16.  In answer to this paragraph of the Complaint, Citibank admits that a lawsuit was filed against Plaintiff to collect the Account and that any attachments in to the complaint filed in the lawsuit speak for themselves. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

17. In answer to this paragraph of the Complaint, Citibank admits that a lawsuit was filed against Plaintiff to collect the Account and any attachments to the complaint filed in the lawsuit speak for themselves. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

18. In answer to this paragraph of the Complaint, Citibank admits that the Account was placed with F & S for collection, which included written communications to the Plaintiff. In further response, Citibank states that the referenced communication speaks for itself. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

19. In answer to this paragraph of the Complaint, Citibank admits that the Account was placed with F & S for collection, which included written communications to the Plaintiff. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

20. In answer to this paragraph of the Complaint, Citibank admits that the Account was placed with F & S for collection, which included written communications to the Plaintiff. In further response, Citibank states that the referenced communications speak for themselves. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies

because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

21. In answer to this paragraph of the Complaint, Citibank admits that the Account was placed with F & S for collection, which included written communications to the Plaintiff. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

22. In answer to this paragraph of the Complaint, Citibank admits a lawsuit was filed to collect the Account. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

23. In answer to this paragraph of the Complaint, Citibank admits that a lawsuit was filed to collect the Account. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

24. In answer to this paragraph of the Complaint, Citibank admits that a lawsuit was filed to collect the Account. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

25. In answer to this paragraph of the Complaint, Citibank admits that a lawsuit was filed to collect the Account. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

26. In answer to this paragraph of the Complaint, Citibank admits that a lawsuit was filed to collect the Account. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

27. In answer to this paragraph of the Complaint, Citibank admits that a lawsuit was filed to collect the Account. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

28. In answer to this paragraph of the Complaint, Citibank admits that a lawsuit was filed to collect the Account. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

29. In answer to this paragraph of the Complaint, Citibank admits that the Account was referred to F & S to collect and collection efforts likely included phone calls with the Plaintiff. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

30. In answer to this paragraph of the Complaint, Citibank admits that the Account was referred to F & S to collect and collection efforts likely included phone calls with the Plaintiff. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

31. In answer to this paragraph of the Complaint, Citibank admits that the Account was referred to F & S to collect and collection efforts likely included phone calls with the Plaintiff. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

32. In answer to this paragraph of the Complaint, Citibank admits that a lawsuit was filed to collect the Account. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

33. In answer to this paragraph of the Complaint, Citibank admits that a lawsuit was filed to collect the Account. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

34. In answer to this paragraph of the Complaint, Citibank admits that a lawsuit was filed to collect the Account. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

35. In answer to this paragraph of the Complaint, Citibank admits that a lawsuit was filed to collect the Account. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

36. In answer to this paragraph of the Complaint, Citibank admits that the Account was referred to F & S to collect and collection efforts likely included phone calls with the

Plaintiff. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

37. In answer to this paragraph of the Complaint, Citibank admits that a lawsuit was filed to collect the Account. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

38. In answer to this paragraph of the Complaint, Citibank admits that a lawsuit was filed to collect the Account and that the lawsuit was terminated by the Court's order dismissing the claim with prejudice. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

39. In answer to this paragraph of the Complaint, Citibank admits that the Account was placed with UCB for collection. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

40. In answer to this paragraph of the Complaint, Citibank admits that the Account was placed with UCB for collection. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

41.     In answer to this paragraph of the Complaint, Citibank admits that the Account was placed with UCB for collection.  As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

42.     In answer to this paragraph of the Complaint, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

43.     In answer to this paragraph of the Complaint, Citibank admits that F & C files lawsuits for its clients in New Mexico.  As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

44.     In answer to this paragraph of the Complaint, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

45.     In answer to this paragraph of the Complaint, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

46.     In answer to this paragraph of the Complaint, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

47.     In answer to this paragraph of the Complaint, Citibank denies.

48. In answer to this paragraph of the Complaint, Citibank admits that it placed the Account with F & S for collection and that a lawsuit was filed with Citibank as plaintiff to collect the Account. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

49. In answer to this paragraph of the Complaint, Citibank admits that it files lawsuits to collect its accounts in New Mexico. As to the balance of the allegations contained in this paragraph, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

50. In answer to this paragraph of the Complaint, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

51. In answer to this paragraph of the Complaint, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

52. In answer to this paragraph of the Complaint, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

53. In answer to this paragraph of the Complaint, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

54. In answer to this paragraph of the Complaint, Citibank denies.

55. In answer to this paragraph of the Complaint, Citibank denies.

56. In answer to this paragraph of the Complaint, Citibank neither admits nor denies because it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, so Plaintiff is left to his proofs.

57. This paragraph does not contain any allegation of fact, and no response is necessary. To the extent, if any, a response is required, the paragraph is denied.

### Count I

Citibank incorporates the preceding paragraphs as if set forth in their entirety.

58. This paragraph contains an assertion of law and not an allegation of fact, and no response is necessary. To the extent, if any, a response is required, the paragraph is denied.

59. This paragraph contains an assertion of law and not an allegation of fact, and no response is necessary. To the extent, if any, a response is required, the paragraph is denied.

### Count II

Citibank incorporates the preceding paragraphs as if set forth in their entirety.

60. This paragraph contains an assertion of law and not an allegation of fact, and no response is necessary. To the extent, if any, a response is required, the paragraph is denied.

61. This paragraph contains an assertion of law and not an allegation of fact, and no response is necessary. To the extent, if any, a response is required, the paragraph is denied.

62. This paragraph contains an assertion of law and not an allegation of fact, and no response is necessary. To the extent, if any, a response is required, the paragraph is denied.

63. This paragraph contains an assertion of law and not an allegation of fact, and no response is necessary. To the extent, if any, a response is required, the paragraph is denied.

## Count III

Citibank incorporates the preceding paragraphs as if set forth in their entirety.

64. This paragraph contains an assertion of law and not an allegation of fact, and no response is necessary. To the extent, if any, a response is required, the paragraph is denied.

65. This paragraph contains an assertion of law and not an allegation of fact, and no response is necessary. To the extent, if any, a response is required, the paragraph is denied.

## Count IV

Citibank incorporates the preceding paragraphs as if set forth in their entirety.

66. This paragraph contains an assertion of law and not an allegation of fact, and no response is necessary. To the extent, if any, a response is required, the paragraph is denied.

67. This paragraph contains an assertion of law and not an allegation of fact, and no response is necessary. To the extent, if any, a response is required, the paragraph is denied.

68. Citibank denies each and every allegation in the Complaint not specifically admitted above.

WHEREFORE, Defendant CITIBANK, N.A., respectfully requests that the Plaintiff's First Amended Complaint be dismissed or, alternatively, that all relief requested therein be denied and that Citibank be granted such other relief as is appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

Citibank submits the following affirmative defenses, but reserves the right to amend its Answer to raise any additional affirmative defenses which it may have against the claims set forth in Plaintiff's First Amended Complaint (hereafter, the "Complaint").

1. Plaintiff's Complaint fails to state a claim against Citibank upon which relief may be granted.

2.	Citibank denies that the conditions precedent necessary for recovery hereunder have occurred.

3.	For further answer, the Plaintiff's alleged damages, if any, were proximately caused by the actions of the Plaintiff and/or other persons and Plaintiff is therefore barred from recovery.  Alternatively, the Plaintiff's damages, if any, must be diminished in proportion to the fault attributable to the Plaintiff and/or other persons.

4.	For further answer, Citibank asserts that it is not a debt collector and is not liable for any alleged debt collection violations or for the alleged violations of any third party.

5.	Some or all of the Plaintiff's claims are preempted by Federal law and/or are subject to a privilege and/or qualified privilege.

6.	Citibank denies that it caused any damages to Plaintiff and pleads that the Plaintiff has failed to mitigate their alleged damages by failing to take reasonable steps to reduce the claimed loss.

7.	Plaintiff's claims, if any, are governed by federal rules and regulations and/or the laws of the State of South Dakota.

8.	Citibank denies any liability for the acts of other persons or entities under a theory of respondeat superior, vicarious liability, agency or otherwise.

9.	The claims should be barred due to "unclean hands."

10.	In the unlikely event that Citibank is found liable for damages, Citibank is entitled to an offset or credit for amounts Plaintiff owes Citibank, if any.

11.	Any statements made by Citibank to credit bureaus were truthful.

12.	Citibank has not willfully, knowingly or negligently committed any wrongful, illegal or inappropriate acts.

13. The Plaintiff's claim for punitive damages is barred or otherwise limited by applicable law.

14. Some or all of the claims may be subject to an arbitration agreement.

15. The tort claims fail because there were no independent torts outside the parties' contract.

16. Some or all of the claims fail because Citibank may be exempt and/or not subject to the recited statutes.

17. Plaintiff's claim for emotional distress is barred, in whole or in part, because Plaintiff did not suffer physical harm as a result of the alleged conduct.

18. The claim under the Fair Debt Collection Practices Act does not apply to Citibank because it is not a debt collector.

19. Some or all of the claims are based on conduct that is protected by the applicable litigation privilege and are therefore barred as a matter of law.

20. Some or all of the claims may be foreclosed by principles of claim preclusion, issue preclusion, res judicata and/or collateral estoppel.

21. Citibank expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, Defendant CITIBANK, N.A. respectfully requests that the Plaintiff's First Amended Complaint be dismissed or, alternatively, that all relief requested therein be denied and that the Court grant Citibank such further relief as is appropriate under the circumstances.

                    Respectfully submitted:

                    KELEHER & McLEOD, P.A.

                    By: /s/ Electronically filed on 4/12/2013
                        Justin B. Breen
                        Counsel for Citibank N.A.
                        P.O. Box AA
                        Albuquerque, New Mexico  87103
                        Telephone:  (505) 346-4646
                        Facsimile:  (505) 346-1370
                        E-Mail:  jbb@keleher-law.com

THIS HEREBY CERTIFIES that on 4/12/2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

**Plaintiff pro se:**
Jesse K. Johnson, Pro Se
9906 Loretta Drive NW
Albuquerque, New Mexico  87114
Telephone:  (505) 897-3364
E-Mail:  garand555@comcast.net

**Counsel for Defendants Law Offices of Farrell & Seldin:**
James J. Grubel
Kenneth K. Oh
Farrell & Seldin
6605 Uptown Blvd. NE  (87110)
P.O. Box 31066
Albuquerque, New Mexico  87110
Telephone:  (505) 938-4343
Facsimile:  (505) 938-4350
E-Mail:  jgrubel@farrellseldin.com
E-Mail:  koh@farrellseldin.com

/s/ Electronically Filed
Justin B. Breen