UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**JESSE K. JOHNSON**,

   Plaintiff,

v.                                                 Civ. No. 12-0877 MV/RHS

**LAW OFFICES OF FARRELL AND SELDIN;**
**CITIBANK, N.A.,**

   Defendants.

## MEMORANDUM OPINION AND ORDER
## COMPELLING ARBITRATION

**THIS MATTER** comes before the Court on Citibank, N.A.'s *Motion to Compel Arbitration and Stay Action*, filed May 20, 2013 [Doc. 20]. The Court will grant the motion.

Pro-se Plaintiff Jesse K. Johnson has the following pending claims against Citibank and its attorneys: (i) for damages, injunctive relief, and declaratory relief against the Law Offices of Farrell and Seldin ("the Attorneys") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p; (ii) for damages against Citibank and the Attorneys for violation of the New Mexico Unfair Practices Act, N.M.S.A §§ 57-12-1 through -26 ("UPA") and malicious abuse of process; and (iii) for damages against Citibank for the state-law tort of intentional infliction of emotional distress. All of the claims arise from the Attorneys' attempts to collect on Johnson's credit-card account with Citibank and on Citibank's subsequent actions after it dismissed its suit against Johnson with prejudice.

It is undisputed that Johnson has had a single credit-card account number, ending in 5385, with Citibank. It is further undisputed that, in 2003, Citibank sent to Johnson a new "Card Agreement," which contained a broad arbitration agreement that Johnson did not choose to opt out of, and which provided that, if Johnson used the credit card account, he agreed to be bound by the

provisions of the new Card Agreement and any changes.  See Doc. 20-1 at 2-3, 6-7, 10-11, 16-17. The Arbitration Agreement provides that either party may elect mandatory, binding arbitration of "any claim, dispute, or controversy" relating to Johnson's credit-card account and/or a prior account and/or the parties' relationship.  *Id.* at 10.   The parties agreed that all

> claims regarding the application, enforceability, or interpretation of this Agreement and this arbitration provision . . . are subject to arbitration, no matter what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek . . . includ[ing] Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law; . . . [including any] Claims made by or against anyone connected with us or you.

*Id.* at 10-11.  The Arbitration Agreement further provides that "[a]ny questions about whether Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced," and that it "is governed by the Federal Arbitration Act (the "FAA")."  *Id.* at 11.

Johnson does not dispute that Citibank sent the Card Agreement to him or that he opted out of arbitration or that he did not make charges on his Citibank credit cards with the -5385 account number.  He contends, however, that Citibank "waived" its right to arbitrate Johnson's claims because Citibank earlier filed, and then voluntarily dismissed with prejudice, a separate lawsuit in which it attempted to collect on Johnson's past-due credit-card debt.  See Doc. 24 at 2-4.  He also speculates that, because Citibank "rebranded" the credit card it issued on his -5385 Account by calling the card two different names over the years, (even though the cards both had the same Account number,) there *may* be some other agreement that governs his Account, and because the Card Agreement

does not contain his account number, the Agreement is "vague."  *See id.* at 5-6.  The Court rejects these arguments because they are contradicted by the Arbitration Agreement itself and because Johnson does not identify any other Card Agreement that governs his relationship with Citibank.

The United States Supreme Court has long held a strong commitment to enforcing arbitration clauses governed by the FAA:

> Section 2 [of the FAA]   is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. . . . The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983).  Under the FAA, an arbitration contract can be voided on state-law "grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2.  Johnson's arguments and speculation do not provide a valid ground for voiding the arbitration agreement.  *See also AT & T Mobility LLC v. Concepcion,* ___ U.S. ___, 131 S. Ct. 1740 -76 (2011) (holding that an arbitration clause in a form contract to provide cellular phone services should be enforced because, although § 2 "permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability," they cannot be invalidated "by *defenses* that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue").

The Court will enforce the arbitration agreement and stay this case.

**IT IS ORDERED** that the motion to compel arbitration [Doc. 20] is GRANTED and this case is STAYED.

**DATED** this 24th day of March, 2014.

_____
**MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE**

*Attorneys for parties*:

Jesse K. Johnson, pro se
9906 Loretta Drive NW
Albuquerque, New Mexico 87114


*Attorneys for Citibank N.A.*:

Keleher & McLeod
Justin B. Breen
P.O. Box AA
Albuquerque, New Mexico 87103

*Attorneys for Law Offices of Farrell & Seldin*:

Farrell & Seldin
James J. Grubel
Kenneth K. Oh
P.O. Box 31066
Albuquerque, New Mexico 87110